# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

ISIAH LAPOINTE,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.

Defendant.

Index No:

Date Index No.
Purchased ______________

**SUMMONS**

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff herein and to serve a copy of your answer on the plaintiff at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: August 13, 2026

David M. Barshay, Esquire
Barshay, Rizzo & Lopez, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL30423
*Attorneys for Plaintiff*

Defendant's Address:
Experian Information Solutions, Inc
475 Anton Boulevard
Costa Mesa, California, 92626

Venue: Plaintiff designates Suffolk County as the place of trial. The basis of this designation is Plaintiff's Residence in Suffolk County.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

ISIAH LAPOINTE,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

Index No:

**VERIFIED COMPLAINT**

Plaintiff Isiah Lapointe, by and through the undersigned counsel, complains, states, and alleges against defendant Experian Information Solutions, Inc., as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over defendant Experian Information Solutions, Inc. because they regularly transact business within this district and county ("County"), derive substantial revenue from services rendered in this County, have committed tortious acts within this County, and have caused injury to persons within this County as described herein.

3. Venue is proper pursuant to C.C.A. § 301(a) because Plaintiff resides in this County.

## PARTIES

4. Plaintiff Isiah Lapointe ("Plaintiff") is a natural person who is a citizen of the State of New York.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a California corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa,

BARSHAY & KUDY PLLC ADVOCATES. COUNSELORS. PROTECTORS.

California 92626.

6. Experian regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis, including the State of New York, for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

a. public record information; and

b. credit account information from persons who furnish that information regularly and in the ordinary course of business.

**FACTUAL ALLEGATIONS**

7. Plaintiff incurred a debt to Con Edison.

8. Then, Plaintiff filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code.

9. The Bankruptcy Court entered a Discharge and Order of Final Decree in Plaintiff's Chapter 7 bankruptcy case.

10. A Chapter 7 bankruptcy is a discharge of [most] debts.

11. Con Edison was notified by the Bankruptcy Court of Plaintiff's Chapter 7 bankruptcy and subsequent discharge, which included the Con Edison debt.

12. Experian was notified of Plaintiff's Chapter 7 bankruptcy and subsequent discharge because Experian reported Plaintiff's Chapter 7 bankruptcy on Plaintiff's Experian credit report.

13. Thereafter, Con Edison placed or assigned the discharged debt with Penn Credit Corp. ("Penn") for purposes of collection.

14. Then, in an attempt to collect the discharged debt, Penn began reporting the discharged debt to the credit reporting agencies.

BARSHAY & KUDY PLLC ADVOCATES. COUNSELORS. PROTECTORS.

15. Equifax, Experian, and Trans Union (collectively, the "CRAs") are the three major consumer reporting agencies in the United States, and regularly publish and distribute credit information about Plaintiff and other consumers through the sale of consumer reports.

16. The reports of CRAs generally contain the following information: (i) Header/Identifying Information: this section generally includes the consumer's name, current and prior addresses, date of birth, and phone numbers; (ii) Tradeline Information: this section pertains to consumer credit history, and includes the type of credit account, credit limit or loan amount, account balance, payment history, and status; (iii) Public Record Information: this section typically includes public record information, such as bankruptcy filings; and (iv) Credit Inquiries: this section lists every entity that has accessed the consumer's file through a "hard inquiry" (i.e., consumer-initiated activities, such as applications for credit cards, to rent an apartment, to open a deposit account, or for other services) or "soft inquiry" (i.e., user-initiated inquiries like prescreening).

BARSHAY & KUDY PLLC ADVOCATES. COUNSELORS. PROTECTORS.

17. The CRAs obtain consumer information from various sources. Some consumer information is sent directly to the credit reporting agencies by furnishers, and other information is independently gathered by credit reporting agencies from third party providers, vendors, or repositories, like computerized reporting services like PACER and Lexis-Nexis.

18. The majority of institutions that offer financial services (e.g., banks, creditors, lenders) rely upon consumer reports from credit reporting agencies to make lending decisions.

19. Those institutions also use FICO Scores, and other proprietary third-party algorithms (or "scoring" models), including debt-to-income ratios, to interpret the information in a consumer's consumer report, which is based on the amount of reported debt, payment history, and date of delinquencies contained in the CRAs' consumer reports.

20. Accounts in collection is the biggest factor use in FICO Scores, and consumers with

collections on their credit reports likely have lower credit scores than consumers who have no collections.

21. The information credit reporting agencies include in a consumer report contributes to a consumer's overall creditworthiness and determines their FICO Scores.

22. FICO Scores are calculated using information contained in the consumer's report.

23. FICO and other third-party algorithms use variables or "attributes" derived from a consumer's consumer report to calculate a "credit score," which is a direct reflection of a consumer's creditworthiness.

24. FICO Scores factor in the following consumer report information: Payment history (35%); Amount of debt (30%); Length of credit history (15%); New credit (10%); and Credit mix (10%).

25. "Payment history" refers to whether a consumer has paid his[er] or his[er] bills in the past, and whether these payments have been timely, late, or missed. In factoring the severity of delinquent payments, a FICO Score considers how late the payment continues to be, how much is owed, how recently the delinquency occurred, and how many delinquent accounts exist. The more severe, recent, and frequent late payments are, the lower a consumer's FICO Score will be.

26. The "amount of debt" a consumer owes has a major impact on their credit score. When a credit reporting agency reports a debt as outstanding when it is in fact discharged, the credit reporting agency indicates that a consumer's "amount of debt" is higher than it actually is, which will undoubtedly impact a consumer's credit score.

27. Lenders also consider a consumer's debt-to-income ratio before deciding to extend credit or approve financing terms.

28. Banks, landlords, credit card issuers, employers, insurance companies, utility

BARSHAY & KUDY PLLC ADVOCATES, COUNSELORS, PROTECTORS

providers, among others, all use credit scores to assess how likely a consumer is to make timely payments. A higher credit score leads to better loan terms and lower interest rates, while a lower credit score leads to worse loan terms, higher interest rates, and/or credit denials.

29. Debt-to-income compares the total amount a consumer owes to the total amount a consumer earns.

30. A consumer's income, however, is not included in their consumer report; only their amount of debt is.

31. The higher the amount of reported debt that a consumer has, or appears to have, the worse the consumer's debt-to-income will be, and the more difficult it will be for a consumer to obtain credit and favorable credit terms (e.g., higher interest and lower credit limits).

32. According to data provided by the Consumer Financial Protection Bureau ("CFPB"), consumer complaints about credit reporting and debt collectors attempting to collect money not actually owed by the consumer are by far the most common of all complaints received by the Bureau every year.

33. The impact of debt and debt collection is not just financial. In fact, the Federal Reserve Bank of Atlanta published a study, which was the joint collaboration of economists Laura Argys, Andrew Friedson, and Federal Reserve economist M. Melinda Pitts, that directly linked financial strain from higher debt levels to higher death rates among American consumers.[1] The study also found, the impact of delinquency is most pronounced in the short-term as individuals are far more likely to die as a result of an immediate debt shock than in response to lingering debt.[2]

BARSHAY & KUDY PLLC ADVOCATES. COUNSELORS. PROTECTORS.

1 Laura M. Argys, Andrew Friedson, & M. Melinda Pitts, *Killer Debt: The Impact of Debt on Mortality*, FRB Atlanta Working Paper No. 2016-14 (2016).
2 *Id.* at 14.

As part of the study, the economists analyzed credit balance and delinquency data maintained by the Federal Reserve.[3] The results, while not surprising, showed that individuals with bad credit and higher amounts of delinquent debt, had a higher probability of death than those with better credit and smaller amounts of delinquent debt.[4]

34. on January 7, 2025, the CFPB filed a cause of action against Experian for *Sham Investigations of Credit Report Errors* because Experian does not properly investigate disputes and fails to remove or reinserts errors on reports, threatening consumers' access to credit, employment, and housing.5

35. Specifically, the CFPB alleges Experian violated the FCRA by "failing to reasonably reinvestigate consumer disputes challenging the accuracy or completeness of information in consumer reports, including by failing to forward all relevant information to furnishers, failing to provide adequate or accurate notice to consumers of the outcome of their disputes, and failing to utilize reasonable procedures to ensure the accuracy and completeness of information in consumers' files." See *Consumer Financial Protection Bureau v. Experian Information Solutions, Inc.*, Case No. 8:25-cv-24 (C.D. Cal.).

36. The forgoing complaint asserts i) Experian's faulty intake procedures fail to accurately convey all relevant information regarding the dispute to the original furnisher of the disputed information, and, at times, Experian simply fails to provide furnishers with consumer-submitted documentation that supports the dispute, ii) Experian uncritically accepts the original furnisher's response to the disputed information, even when that response was improbable or

BARSHAY & KUDY PLLC ADVOCATES, COUNSELORS, PROTECTORS

3 *Id.* at 3.
4 *Id.* at 4.
5 https://www.consumerfinance.gov/about-us/newsroom/cfpb-sues-experian-for-sham-investigations-of-credit-report-errors/

BARSHAY & KUDY PLLC ADVOCATES. COUNSELORS. PROTECTORS.

illogical on its face or when Experian has other information in its possession that alerts or should alert Experian to the possibility that the furnisher might be unreliable, and iii) Experian at the conclusion of its reinvestigation, sends consumers notices that fail to inform them of the reinvestigation results, and instead provides information that is confusing, ambiguous, incorrect, and internally inconsistent. *Id.*

37. Experian's outright failure to reinvestigate a significant number of disputes within the timeline required by the FCRA, its ongoing refusal to reinvestigate hard inquiry disputes, and its routine failure to ensure that previously deleted tradelines are not improperly reinserted into a consumer's file. *Id.*

38. Plaintiff became aware of Penn's credit reporting.

39. Thereafter, Plaintiff obtained a copy of his Equifax, Experian, and Trans Union credit reports.

40. Plaintiff spent time accessing, downloading, and reviewing his Equifax, Experian, and Trans Union credit reports.

41. Penn's reporting to the CRAs negatively impacted Plaintiff's credit.

42. Penn's reporting to the CRAs negatively impacted Plaintiff's creditworthiness.

43. The algorithm of the credit reporting agencies is coded in such a way that negative reporting impacts a consumer's score more than positive reporting.

44. The algorithm of the credit reporting agencies is coded in such a way that a consumer's credit score does not increase to the same degree as the consumer's credit score decreased when a negative account is deleted.

45. The credit reporting by Penn, Equifax, Experian, and Trans Union failed to state that the Con Edison debt was discharged in Plaintiff's Chapter 7 bankruptcy.

46. Plaintiff's credit score immediately decreased after Penn began reporting negative information regarding the discharged Con Edison debt.

47. Plaintiff spent time learning about his rights to dispute inaccurate and/or misleading information reporting on his Equifax, Experian, and Trans Union credit reports.

48. Then, on or about, February 27, 2026, Plaintiff sent a written dispute to Equifax, Experian, and Trans Union regarding the Penn reporting of the discharged Con Edison debt.

49. In the relevant part, Plaintiff's dispute letters to Equifax, Experian, and Trans Union, stated:

**PENN CREDIT CORPORATION**
**C91395XXXXXXXXXXX**

> I dispute this account. I do not owe Con Edison of New York any money for this account. On or about March 22, 2024, I filed for bankruptcy in the United States District Court for the Eastern District of New York, Case Number 1-24-41248. Con Edison was notified of my bankruptcy petition. On or about July 3, 2024, I received a discharge from the court. Con Edison was notified of my bankruptcy discharge. In fact, Experian is reporting my bankruptcy on my credit report. To this end, Penn Credit Corp. has notice of my bankruptcy. This false and/or misleading reporting and has negatively impacted my credit score and creditworthiness.

50. Plaintiff spent approximately forty-five (45) minutes traveling to and from the U.S. Post Office and incurred a cost of about $18.00 mailing the dispute letters to the CRAs.

51. Plaintiff's dispute notified Equifax, Experian, and TransUnion that the information reported by Penn was inaccurate and/or misleading.

52. Once Equifax, Experian, and TransUnion each received the dispute from Plaintiff, each were required to provide notice of such dispute and request for re-investigation to the furnisher, in this case Penn.

53. Upon information and belief, Equifax, Experian, and TransUnion each transmitted notice of the dispute to Penn via an Automated Credit Dispute Verification form ("ACDV").

BARSHAY & KUDY PLLC ADVOCATES. COUNSELORS. PROTECTORS.

54. Penn were required to investigate Plaintiff's dispute in full upon receipt of the ACDVs, and by extension, notice of the inaccuracy.

55. After receiving this notice, in any subsequent voluntary reporting, Penn must then delete the tradeline or update the tradeline to correct inaccurate information, as well as include the dispute notation on the account.

56. Similarly, the CRAs were required to investigate or otherwise verify Plaintiff's disputes before voluntarily re-reporting the Penn account.

57. Then, after 30-days, Plaintiff again obtained a copy of his Equifax, Experian, and TransUnion credit reports.

58. After receipt of Plaintiff's disputes, Experian deleted the Penn account, underscoring the fact that the Penn account was inaccurately reporting.

59. All of actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

60. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of Experian.

61. Plaintiff suffered actual harm by being the target of inaccurate and/or misleading credit reporting by Experian.

62. Experian's conduct is unfair and/or unconscionable because Experian knows that negative reporting and accounts in collection is the biggest factor in scoring a consumer's creditworthiness, and allowing an account to be reported that was discharged in bankruptcy without the proper disclosure negatively impacts a consumer's credit score and creditworthiness.

63. The foregoing practices cause consumers' credit scores to be depressed, making it more difficult for consumers to obtain credit and causing higher borrowing costs, netting lenders

BARSHAY & RUDY PLLC ADVOCATES, COUNSELORS, PROTECTORS

more money, as well as CRAs because the CRAs make money, in part, by selling credit reports and data the CRAs collect to lenders. Therefore, when a consumer's credit score is depressed, like Plaintiff's here, a consumer is forced to engage with multiple lenders, netting the CRAs more money.

64. Plaintiff will continue to suffer harm as a result of Experian's inaccurate and/or misleading reporting because the algorithm of the CRAs does not provide increases in a consumer's credit score to the same degree as the CRAs decrease a consumer's credit score.

65. Plaintiff will continue to suffer harm as a result of Experian's inaccurate and/or misleading reporting because, today, a credit score can determine a consumer's ability to secure housing, purchase a car, obtain employment, access essential financial services, among other things.

BARSHAY & KUDY PLLC
ADVOCATES, COUNSELORS, PROTECTORS

66. Plaintiff will continue to suffer harm as a result of Experian's inaccurate and/or misleading reporting because Plaintiff will no longer be able to trust the accuracy and integrity of the information reported by the CRAs.

67. Plaintiff has suffered actual harm based on his costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

68. Plaintiff suffered damages because Plaintiff has been subjected to a higher risk of death as a result of the inaccurate and/or misleading reporting.

69. In fact, Plaintiff also suffered damages because Plaintiff was deterred from applying for credit as a result of his credit score and embarrassment associated with the same.

70. Plaintiff's injury-in-fact is traceable to the actions or inactions of defendant

Experian.

71. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

**- FIRST CAUSE OF ACTION -**
**VIOLATION OF 15 U.S.C. § 1681e(b)**

72. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

73. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they published and maintain concerning Plaintiff, such as failing to report the Penn Credit account as including in Plaintiff's bankruptcy.

74. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; the mental and emotional pain, anguish, humiliation, and embarrassment of lower credit scores and lack of creditworthiness; and higher risk of mortality.

75. Experian's conduct, action, and inaction was willful, rendering Experian liable for actual or statutory damages, as well as punitive damages, in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

76. The Plaintiff is entitled to recovery costs and attorney's fees from Experian in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**- SECOND CAUSE OF ACTION -**
**VIOLATION OF 15 U.S.C. § 1681g**

77. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

78. Experian violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose to Plaintiff all information in Plaintiff's file, specifically that Penn's reporting of the Con Edison

BARSHAY & KUDY PLLC ADVOCATES, COUNSELORS, PROTECTORS

account was an account previously included in Plaintiff's Chapter 7 bankruptcy.

79. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; the mental and emotional pain, anguish, humiliation, and embarrassment of lower credit scores and lack of creditworthiness; and higher risk of mortality.

80. Experian's conduct, action, and inaction was willful, rendering each liable for actual or statutory damages, as well as punitive damages, in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

81. The Plaintiff is entitled to recovery costs and attorney's fees from Experian in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

BARSHAY & KUDY PLLC ADVOCATES. COUNSELORS. PROTECTORS.

**- THIRD CAUSE OF ACTION -**
**ATTORNEYS' FEES AND COSTS**

82. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

83. Plaintiff is entitled to costs and attorneys' fees pursuant to the law applicable to Plaintiff's causes.

84. Experian is liable to Plaintiff for the costs of this action and attorneys' fees to be calculated pursuant to the lodestar method.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests the following relief on each cause:

a. Actual, treble, exemplary, punitive, and statutory damages of $50,000.00.

b. The costs of this action and attorneys' fees calculated pursuant to the lodestar method.

c. A determination that Experian has committed the violations of law alleged in this action.

d. Pre-judgment and post-judgment interest as allowed by law; and

e. Such other and further relief that the Court determines is just and proper.

DATED: August 13, 2026

By: ______________________
David M. Barshay, Esquire
Joseph E. Rudy, Esquire
BARSHAY & RUDY, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 867-9800
Fax: (516) 706-5055
Our File No.: 25189
*Attorneys for Plaintiff*

BARSHAY & RUDY PLLC
ADVOCATES. COUNSELORS. PROTECTORS.

Index No:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

ISIAH LAPOINTE,

Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC.

Defendant.

**SUMMONS AND COMPLAINT**

BARSHAY, RIZZO & LOPEZ, PLLC
*Attorneys for Plaintiff*
*445 Broadhollow Road | Suite CL18*
*Melville, New York 11747*
*Tel: (631) 210-7272*

*I hereby certify pursuant to 22 NYCRR § 130-1.1-a that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers listed below or the contentions therein are not frivolous as defined in 22 NYCRR § 130-1.1(c):*

David M. Barshay, Esquire

Dated: August 13, 2026

Service of the within ______________________________ is hereby admitted.

____________________________ Dated: ________, 20__

Attorneys for _____________________

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

| | |
|---|---|
| ISIAH LAPOINTE,<br><br>Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Index No.: 623607/2026 |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO THE VERIFIED COMPLAINT**

Defendant, Experian Information Solutions, Inc., ("Experian" or "Defendant"), by and through its undersigned counsel, files its Answer to the Plaintiff's Verified Complaint ("Complaint") as follows:

**EXPERIAN'S PRELIMINARY STATEMENT**

Experian's investigation of the matters set forth in the Complaint is ongoing, and Experian expressly reserves the right to amend, supplement, or modify this Answer as additional information becomes available.

Experian answers the specific allegations of the Complaint and avers as follows, with the numbered paragraphs, headings, and sub-headings corresponding to the like-numbered paragraphs, headings, and sub-headings in Plaintiff's Complaint. The headings and sub-headings are not allegations to which a response is necessary. To the extent a response is required, Experian denies any averments in the headings or sub-headings of the Complaint. Experian denies that it has violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., or any other law, and denies that it is liable to Plaintiff for any of the damages or relief sought in the Complaint.

**RESPONSES TO NUMBERED PARAGRAPHS**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Experian responds as follows:

**PRELIMINARY STATEMENT**

1. In response to paragraph 1 of the Complaint, Experian admits that the Complaint purports to state claims under the FCRA, 15 U.S.C. § 1681, et seq. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.

**JURISDICTION AND VENUE**

2. In response to paragraph 2 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3. In response to paragraph 3 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**PARTIES**

4. In response to paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5. In response to paragraph 5 of the Complaint, Experian admits that it is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian further admits that it is qualified to do business and conducts business in the State of New York. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, Experian admits that it is a "person" as defined by 15 U.S.C. § 1681a(b). Experian also admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian admits that it is one of the three major consumer reporting agencies in the United States and that it regularly publishes and distributes credit information through the sale of consumer reports. Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

16. In response to paragraph 16 of the Complaint, Experian states that the allegations contained therein are general statements of law or background characterizations not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26. In response to paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30. In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32. In response to paragraph 32 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33. In response to paragraph 33 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. In response to paragraph 34 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

35. In response to paragraph 35 of the Complaint, Experian admits that Plaintiff purports to reference and interpret filings in *Consumer Financial Protection Bureau v. Experian Information Solutions, Inc.,* Case No. 8:25-cv-24 (C.D. Cal.), but states that the referenced case speaks for itself and denies any allegations in Paragraph 34 that are inconsistent therewith.

36. In response to paragraph 36 of the Complaint, Experian admits that Plaintiff purports to reference and interpret filings in *Consumer Financial Protection Bureau v. Experian Information Solutions, Inc.,* Case No. 8:25-cv-24 (C.D. Cal.), but states that the referenced case speaks for itself and denies any allegations in Paragraph 34 that are inconsistent therewith.

37. In response to paragraph 37 of the Complaint, Experian admits that Plaintiff purports to reference and interpret filings in *Consumer Financial Protection Bureau v. Experian Information Solutions, Inc.,* Case No. 8:25-cv-24 (C.D. Cal.), but states that the referenced case speaks for itself and denies any allegations in Paragraph 34 that are inconsistent therewith.

38. In response to paragraph 38 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39. In response to paragraph 39 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40. In response to paragraph 40 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41. In response to paragraph 41 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42. In response to paragraph 42 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

43. In response to paragraph 43 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

44. In response to paragraph 44 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

45. In response to paragraph 45 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

46. In response to paragraph 46 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

47. In response to paragraph 47 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

48. In response to paragraph 48 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

49. In response to paragraph 49 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

50. In response to paragraph 50 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

51. In response to paragraph 51 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

52. In response to paragraph 52 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53. In response to paragraph 53 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

54. In response to paragraph 54 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 54 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

55. In response to paragraph 55 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

56. In response to paragraph 56 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

57. In response to paragraph 57 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

58. In response to paragraph 58 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

59. In response to paragraph 59 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

60. In response to paragraph 60 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

61. In response to paragraph 61 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

62. In response to paragraph 62 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

63. In response to paragraph 63 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

64. In response to paragraph 64 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

65. In response to paragraph 65 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

66. In response to paragraph 66 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

67. In response to paragraph 67 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

68. In response to paragraph 68 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

69. In response to paragraph 69 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

70. In response to paragraph 70 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

71. In response to paragraph 71 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**FIRST CAUSE OF ACTION (15 U.S.C. § 1681e(b))**

72. In response to paragraph 72 of the Complaint, Experian incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

73. In response to paragraph 73 of the Complaint, Experian denies, generally and specifically, each and every allegation contained in paragraph 73 of the Complaint.

74. In response to paragraph 74 of the Complaint, Experian denies, generally and specifically, each and every allegation contained in paragraph 74 of the Complaint.

75. In response to paragraph 75 of the Complaint, Experian denies, generally and specifically, each and every allegation contained in paragraph 75 of the Complaint.

76. In response to paragraph 76 of the Complaint, Experian denies, generally and specifically, each and every allegation contained in paragraph 76 of the Complaint.

**SECOND CAUSE OF ACTION (15 U.S.C. § 1681g)**

77. In response to paragraph 77 of the Complaint, Experian incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

78. In response to paragraph 78 of the Complaint, Experian denies, generally and specifically, each and every allegation contained in paragraph 78 of the Complaint.

79. In response to paragraph 79 of the Complaint, Experian denies, generally and specifically, each and every allegation contained in paragraph 79 of the Complaint.

80. In response to paragraph 80 of the Complaint, Experian denies, generally and specifically, each and every allegation contained in paragraph 80 of the Complaint.

81. In response to paragraph 81 of the Complaint, Experian denies, generally and specifically, each and every allegation contained in paragraph 81 of the Complaint.

## THIRD CAUSE OF ACTION (Attorneys' Fees and Costs)

82. In response to paragraph 82 of the Complaint, Experian incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

83. In response to paragraph 83 of the Complaint, Experian denies, generally and specifically, each and every allegation contained in paragraph 83 of the Complaint.

84. In response to the attorneys' fees and costs allegations, Experian denies that Plaintiff is entitled to any costs, attorneys' fees, or other relief from Experian.

## PRAYER FOR RELIEF

To the extent Plaintiff’s prayer for relief is a legal conclusion, no response is required. To the extent a response is required, Experian denies that Plaintiff is entitled to relief.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

**FIRST AFFIRMATIVE DEFENSE (Statutes of Limitations and Repose)**

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation and repose, including but not limited to 15 U.S.C. § 1681p.

**SECOND AFFIRMATIVE DEFENSE (Truth/Accuracy of Information)**

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

**THIRD AFFIRMATIVE DEFENSE (Failure to Mitigate Damages)**

Plaintiff has failed to mitigate Plaintiff's damages.

**FOURTH AFFIRMATIVE DEFENSE (Laches)**

The Complaint and each claim for relief therein are barred by laches.

**FIFTH AFFIRMATIVE DEFENSE (Contributory/Comparative Fault)**

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

**SIXTH AFFIRMATIVE DEFENSE (Estoppel)**

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

**SEVENTH AFFIRMATIVE DEFENSE (Immunity)**

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

**EIGHTH AFFIRMATIVE DEFENSE (Arbitration)**

Experian alleges on information and belief that Plaintiff's claims may be the subject of an

arbitration agreement between Plaintiff and Experian.

**NINTH AFFIRMATIVE DEFENSE (Legal Capacity)**

The Complaint warrants dismissal because Plaintiff lacks the legal capacity to sue.

**TENTH AFFIRMATIVE DEFENSE (Standing)**

The Complaint warrants dismissal because Plaintiff lacks the standing to sue.

**TENTH AFFIRMATIVE DEFENSE (Independent Intervening Cause)**

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

**ELEVENTH AFFIRMATIVE DEFENSE (Reservation of Right)**

Experian reserves the right to assert additional affirmative defenses as discovery progresses and additional information becomes available.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

a. That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

b. For costs of suit herein incurred; and

c. For such other and further relief as the Court may deem just and proper.

Dated: September 11, 2026
New York, New York

GOODWIN PROCTER LLP

By: */s/ Christian Fletcher*

Christian Fletcher
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
ChristianFletcher@goodwinlaw.com

*Attorney for Defendant Experian Information Solutions, Inc.*